```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA

               CASE NO.  08-81224-CIV-ZLOCH
```

AIRPLAY AMERICA LLC,

    Plaintiff,

vs.                                          **FINAL ORDER OF DISMISSAL**
                                            **AS TO COUNTS II, III, and IV**

ROBERT CARTAGINE, et al.,

    Defendants.

_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of its Complaint (DE 1) asserting claims pursuant to 18 U.S.C. §§ 2707 and 2701 and Florida state law. The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331 as to the federal claims and 28 U.S.C. § 1332 as to the state law claims in Counts III & IV.

### A. Count II

    The claim raised in Count II of the Complaint (DE 1) states a violation of 18 U.S.C. § 2701. That section provides for criminal punishment for certain actions. There is no civil cause of action provided in this section. Count I of Plaintiff's Complaint states a violation 18 U.S.C. § 2707, which does provide a civil action. However, nothing in either § 2707 or 2701 indicates a civil action is provided for violations of § 2701. Therefore, the Court lacks subject matter jurisdiction in this action over the claim raised in Count II because no civil cause of action has been provided for a violation thereof.

### B. Counts III and IV

Turning now to the state law claims raised in Counts III and IV, the Court notes that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799).

## 1. Diversity

The Court's jurisdiction over Counts III and IV in this matter is premised upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332. That Section provides that where a claim is founded on diversity of citizenship, a federal court may maintain jurisdiction over it only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States." The dictates of § 1332 keep the federal courts moored to the jurisdictional limits prescribed by Article III, Section 2 of the Constitution. As Justice Stone stated in reference to § 1332 in Healy v. Ratta, 292 U.S. 263, 270 (1934), "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

As stated above, federal courts are courts of limited jurisdiction. Therefore, the facts establishing the existence of jurisdiction must be affirmatively alleged in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3602 (1984 & West Supp. 2008).

A review of the Complaint (DE 1) filed herein reveals that the

2

requisite diversity of citizenship as to Plaintiff and all Defendants is not apparent on its face. The Complaint states, in relevant part:

> 1. Plaintiff, Airplay America is a Florida Limited Liability Company with its principal place of business in Boca Raton, Florida.
>
> 2. Defendant, Cartagine si a resident of Lake Worth, Florida and is sui juris.
>
> 3. Defendant, Gerard is a resident of New York, New York and is sui juris.
>
> 4. Defendant, Hughes is a resident of Bonita Springs, Florida and is sui juris.
>
> 5. Defendant, Mastandrea is a resident of New York, New York and is sui juris.
>
> 6. Defendant, Miller is a resident of Boca Raton, Florida and is sui juris.
>
> 7. Defendant, Cury is a resident of Plantation, Florida and is sui juris.

DE 1, ¶¶ 1-7.

The Complaint fails to sufficiently allege the citizenship of all Parties for the Court to determine whether it has jurisdiction over the above-styled cause. Residency is not the equivalent of citizenship for diversity purposes. See 13B Wright & Miller, supra § 3611. Moreover, "[a] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The Complaint lacks an allegation regarding the citizenship of Defendants as well as all members of Plaintiff Airplay America LLC, which is necessary to complete the requisite allegations for diversity. Therefore, because Plaintiff has failed to allege properly the citizenship of all of the named Parties, it

has not met the initial burden of establishing this Court's jurisdiction over Counts III and IV.

In dismissing Counts III and IV due to Plaintiff's failure to satisfy the requirements of federal jurisdiction, the Court echos the recently stated sentiment of the United States Court of Appeals for the Seventh Circuit:

> Are we being fusspots and nitpickers in trying (so far with limited success) to enforce rules designed to ensure that federal courts do not exceed the limits that the Constitution and federal statutes impose on their jurisdiction?  Does it really matter if federal courts decide on the merits cases that they are not actually authorized to decide?  The sky will not fall if federal courts occasionally stray outside the proper bounds.  But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable - that federal courts are required to police their jurisdiction - imposes a duty of care that we are not at liberty to shirk.  And since we are not investigative bodies, we need and must assure compliance with procedures designed to compel parties to federal litigation to assist us in keeping within bounds. Hence [it is] . . . the responsibility of lawyers who practice in the federal courts, even if only occasionally, to familiarize themselves with the principles of federal jurisdiction.

Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 678 (7th Cir. 2006).

However, it is not entirely clear that Plaintiff intended only to allege that Counts III and IV should be heard pursuant to the Court's diversity jurisdiction and not by its supplemental jurisdiction.  Therefore, for the benefit of the Parties and any reviewing court, as well as in an effort to conserve judicial resources, the Court will address Counts III and IV in the alternative under the rubric of supplemental jurisdiction.

### 2. Supplemental Jurisdiction

Even when the Court does not have an independent basis for subject matter jurisdiction, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a) (2006). Such original jurisdiction is proper over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331 (2006). "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues." Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)).

Federal courts may consider and decide questions of state law in certain circumstances. Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (2006). It is clear that this Court has original jurisdiction over the federal claim asserted in Count I pursuant to 28 U.S.C. § 1331. After reviewing Plaintiff's Complaint herein, the Court finds that the state law claims as asserted in Counts III and IV are so related to the federal claim in Count I of the instant action that they form part of the same case or controversy. 28 U.S.C. § 1367(a) (2006). Therefore, this

5

Court has the authority to exercise supplemental jurisdiction over the state law claims in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here.  In 1990, Congress codified the formerly well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966).  The relevant statute provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of State law, [or]
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . .

28 U.S.C. § 1367(c) (2006).  Applying 28 U.S.C. § 1367(c)(1) and (2) to the instant facts, the Court finds that supplemental jurisdiction should not be exercised over the state law claims asserted in Counts III and IV of the Complaint (DE 1) because those claims present questions of state law which would otherwise predominate over the federal claim present here.  The Court finds that such state law claims would tend to dominate the federal claim and obscure its significance.  See Winn v. North Am. Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993).  Therefore, the Court, pursuant to § 1367(c)(1) and (2), will exercise its discretion and dismiss the state law claims set forth in Counts III and IV as such state law claims present both novel and complex questions of state law which would otherwise predominate over the federal claim

6

presented here.[1]

The Court recognizes that current trends in the law favor expanded federal court jurisdiction.  The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction.  While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Dismissal, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's claims raised in Counts II, III, and IV of the Complaint (DE 1) be and the same are hereby **DISMISSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    12th     day of January, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Parties and Counsel of Record

---

[1] The Court directs Plaintiff to 28 U.S.C. § 1367(d), which tolls the limitations period on claims asserted under § 1367(a) for thirty days, unless state law provides for a longer tolling period, so that the same may be refiled in state court.

7