UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81224-CIV-ZLOCH

AIRPLAY AMERICA, LLC,

    Plaintiff,

vs.

ROBERT CARTAGINE, et al.,

    Defendants.
_____/

**FINAL ORDER OF DISMISSAL
AS TO DEFENDANT
EMANUEL GERARD**

    THIS MATTER is before the Court upon Defendant Emanuel Gerard's Amended Motion To Dismiss For Lack Of Personal Jurisdiction (DE 25). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Airplay America, LLC initiated the above-styled cause with the filing of its Complaint (DE 1, Ex. A) alleging violations of the Stored Communications Act, 18 U.S.C. §§ 2701, et seq. (2006). Specifically, Plaintiff alleges that Defendants impermissibly accessed its email accounts and messages after their removal from positions with Plaintiff. Defendant Emanuel Gerard now moves for the Court to dismiss this action against him on the basis that the Court lacks in personam jurisdiction over him.

    The determination of personal jurisdiction over a nonresident defendant involves a two-part analysis. First, the Court must determine that the forum state's long-arm statute permits an assertion of jurisdiction. Second, the Court must determine whether sufficient minimum contacts of the defendant with the forum exist "to satisfy the Due Process Clause of the Fourteenth

Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Cable/Home Comm. Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (further citations omitted).  A motion to dismiss tests the legal sufficiency of the pleadings.  Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).

Plaintiff proceeds under two alternative sections of Florida's long-arm statute.  It cites what it calls the relevant part of that statute as follows:

> (1) Any person . . . who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state.

Fla. St. § 48.193, cited in DE 48, p. 3.  Either ground is sufficient to establish the Court's personal jurisdiction over Gerard.  Neither is availing.

Gerard is a domiciliary of New York and was a director of Plaintiff before this lawsuit.  DE 25, p. 4.  Gerard argues that the Court cannot exercise jurisdiction over him because he has not subjected himself to the reach of Florida's long-arm statute and does not maintain sufficient minimum contacts with Florida to reasonably expect to be haled into court here.  In its Response (DE 48) to the instant Motion, Plaintiff raises three grounds for

asserting jurisdiction under the long-arm statute: acting as an officer and director of Plaintiff, attending board meetings and investor presentations in Florida, and causing injury to Plaintiff, a Florida entity, by violating § 2701.  DE 48, p. 2.

The first option available to Plaintiff to establish personal jurisdiction over Gerard is to show that he operated or carried on a business in the State of Florida.  Plaintiff argues that Gerard's managerial position with Plaintiff was enough to bring him within operation of Fla. St. § 48.193(1)(a).  The record establishes that Gerard's only business contacts with Florida are five board meetings where he was physically present and other meetings and communications with directors and investors done by telephone or email.  Affidavit of Emanuel Gerard, DE 25, Ex. A, ¶¶ 22-23.  This is insufficient to invoke the "operating a business" prong of the long-arm statute because the cause of action must arise out of the contacts with Florida.  Fla. St. § 48.193(1).  There is no allegation that Gerard's attendance at board meetings or his direct communications with directors and investors give rise to Plaintiff's cause of action for Gerard's improper access to its emails.  Rather, Plaintiff characterizes Gerard's board meetings only as minimum contacts under the second part of the personal jurisdiction analysis.  Plaintiff has failed to show that Gerard was operating a business in Florida that gave rise to its present cause of action.

Plaintiff also argues that Gerard has satisfied subsection (b) of the long-arm statute quoted above.  The Complaint alleges that he has injured Plaintiff, a Florida entity, and thus committed a

3

tortious act in Florida. Its argument misses the mark, however, because it only discusses cases finding jurisdiction where communications were directed into the State of Florida. See DE 48, pp. 7-9. The Complaint only alleges that Gerard accessed Plaintiff's email accounts, and Plaintiff states without support that the physical location of the email servers is immaterial. DE 48, p. 7. Accessing email accounts, the servers of which are presumably outside Florida, is not directing communications into Florida. Thus, Gerard did not, simply because Plaintiff is a Florida limited liability company, commit tortious act in this State. Jack Pickard Dodge, Inc. v. Yarbrough, 352 So. 2d 130, 134 (Fla. Dist. Ct. App. 1977). Merely causing injury to a Florida entity is not enough to confer jurisdiction. Id. Plaintiff has failed to establish that this Court may exercise personal jurisdiction over Gerard because he has not been shown to have committed a tortious act in Florida.

Plaintiff has failed to establish that the Court may exercise specific jurisdiction over the person of Gerard. In its Response to the instant Motion Plaintiff acknowledges that it "has not alleged that Gerard is subject to the general jurisdiction of the Court." DE 48, p. 3 n.2. By prior Order (DE 50), the Court construed this footnote as a motion for leave for Plaintiff to amend its Complaint (DE 1) to allege facts necessary to establish general jurisdiction and granted Plaintiff leave to amend its Complaint in a manner necessary to fully allege general jurisdiction. Plaintiff has failed to do so within the time permitted. Thus, it stands on its Complaint as filed to contest

the instant Motion, and the Court's general jurisdiction, Fla. St. § 48.193(2), is not implicated.

The Court having found that Plaintiff has failed to establish that Gerard falls within reach of Florida's long-arm statute, the constitutional half of the personal jurisdiction analysis is unnecessary.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Emanuel Gerard's Amended Motion To Dismiss For Lack Of Personal Jurisdiction (DE 25) be and the same is hereby **GRANTED**; and

2. The Complaint (DE 1) be and the same is hereby **DISMISSED** as to Defendant Emanuel Gerard for the Court's lack of personal jurisdiction over him.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___2nd___ day of April, 2009.

```
                              _____
                              WILLIAM J. ZLOCH
                              United States District Judge
```

Copies furnished:

All Counsel and Parties of Record